1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   THOMAS JOHN HEILMAN,              No.  2:15-cv-1585 MCE CKD P

12            Plaintiff,

13        v.                           ORDER

14   A. WHITTEN, et al.,

15            Defendants.

16

17   I.  Introduction

18         Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

19   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

20   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

21         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

22   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

25   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

27   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

28   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

1   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2   II.  Screening Standard

3          The court is required to screen complaints brought by prisoners seeking relief against a

4   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14  Cir. 1989); Franklin, 745 F.2d at 1227.

15         In order to avoid dismissal for failure to state a claim a complaint must contain more than

16  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

17  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

18  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

19  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

20  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

21  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

22  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

23  at 678.  When considering whether a complaint states a claim upon which relief can be granted,

24  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

25  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

26  U.S. 232, 236 (1974).

27  ////

28  ////

2

1    III. <u>Allegations</u>

2       Plaintiff names as defendants five prison officials employed at the California Medical

3 Facility ("CMF") in Vacaville, California. (ECF No. 1 at 10-13.[1]) On January 26, 2012, plaintiff

4 was transferred from CMF to another prison. (<u>Id.</u> at 11.) Plaintiff alleges that defendants

5 conspired to confiscate and destroy plaintiff's personal and legal property when he was

6 transferred, causing plaintiff to miss deadlines in a lawsuit. (<u>Id.</u> at 11.)

7       Plaintiff alleges that, prior to his transfer, he was not allowed to pack or inventory his

8 personal and legal property, in violation of prison regulations. (<u>Id.</u> at 13-14.) After the transfer,

9 he did not receive his legal materials for 85 days. (<u>Id.</u> at 15.) When he finally received them, his

10 legal documents and other important papers "had been removed from their protective folders and

11 strewn haphazardly in the bottom of cardboard transfer boxes," and a jar of instant coffee had

12 been poured over them. (<u>Id.</u> at 15-16.)

13       This allegedly caused plaintiff to miss deadlines in his federal habeas action, <u>Heilman v.</u>

14 <u>Paramo</u>, No. 2:13-cv-1443 JAM EFB (E.D.Cal.), which was commenced in July 2013 and

15 dismissed as untimely in October 2014. (<u>Id.</u> at 15.)

16       Plaintiff alleges that defendants Whitten and Dooley "are the named prison officials

17 assigned in the R&R at CMF-Vacaville and are responsible to oversee, pack, and inventory an

18 inmate's . . . personal property and legal materials prior to transfer." (<u>Id.</u> at 16-17.) Plaintiff

19 attaches inmate property records concerning his January 2012 transfer. These indicate that

20 Whitten inventoried and transferred three boxes of plaintiff's property, including legal materials,

21 in March 2012. (<u>Id.</u> at 48-50.)

22       Plaintiff alleges that defendant Mendosa was a CMF housing officer who removed

23 plaintiff's property from his cell in January 2012 in preparation for the transfer, and was

24 "personally involved in the unlawful seizure . . . and destruction of Heilman's personal and legal

25 property as an act of retaliation and to . . . jeopardize Heilman's legal actions against fellow

26 CDCR prison officials[.]" (<u>Id.</u> at 17-18.) Plaintiff had previously filed a grievance against

27

28   [1] Citations refer to page numbers assigned by the court's docketing system.

1   Mendosa, who escorted plaintiff to the Receiving and Release on the morning of his transfer but

2   failed to pack or inventory plaintiff's property at that time.  (Id. at 18.)

3          Plaintiff alleges that defendant Gonzales was assigned to review plaintiff's 602 appeal

4   concerning his lost property.  (Id. at 18-19.)  Plaintiff had previously filed two grievances against

5   Gonzales and alleges that Gonzales failed to return plaintiff's property in retaliation.  (Id. at 19-

6   20.)  Plaintiff alleges that Gonzales' failure to "timely return Heilman's legal documents" led to

7   the dismissal of his 2013 federal habeas action.  (Id.)  Plaintiff alleges that defendants also tried to

8   obstruct plaintiff's prosecution of five other lawsuits against CMF officials.  (Id. at 21.)

9          Plaintiff sues defendant Singh in his official capacity as CDCR's Warden Representative

10  at CMF.  (Id. at 22.)  Singh allegedly "fostered the policy of retaliation" against plaintiff and is

11  "personally responsible for failing to provide Heilman's personal and legal property in a timely

12  manner[.]"  (Id. at 23.)

13  IV.  Analysis

14         To prevail on a First Amendment retaliation claim, plaintiff must show: (1) an adverse

15  action against him; (2) because of; (3) his protected conduct, and that such action; (4) chilled his

16  exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate

17  correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).  Here, plaintiff's

18  allegations do not state a retaliation claim against any defendant.  His claims that each defendant

19  tampered with his property and delayed its transfer, in retaliation for protected conduct, are mere

20  "naked assertions, labels, and conclusions."  See Bell Atlantic Corp, 550 U.S. at 555-557.

21         Nor does plaintiff plead the elements of an access-to-courts claim.  See Lewis v. Casey,

22  518 U.S. 343, 349-50, 353 (1996) (prisoner alleging a violation of his right of access to the courts

23  must demonstrate that he has suffered "actual injury," i.e., "demonstrate that a nonfrivolous legal

24  claim had been frustrated or was being impeded.")

25         As to a due process claim, a negligent or intentional deprivation of property by a state

26  employee does not constitute a violation of federal due process if the state provides a meaningful

27  post-deprivation remedy for the loss.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984);

28  Zimmerman v. City of Oakland, 255 F.3d 734, 738 (9th Cir. 2001).  The California Legislature

4

has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.  Because plaintiff has an adequate state law remedy for being deprived of his property, he fails to state a §1983 claim on this basis.[2]

Finally, insofar as plaintiff's claims are based on state administrative regulations, they are not actionable under § 1983.  Cornejo v. County of San Diego, 504 F.3d 853, 855 n. 3 (9th Cir. 2007) ("[A] claim for violation of state law is not cognizable under § 1983.")

For these reasons, plaintiff's complaint will be dismissed for failure to state a claim. However, he will be granted one opportunity to amend the complaint.

V. Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, plaintiff's amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

---

[2] Courts have distinguished those cases in which "the property deprivation is effected pursuant to an established state procedure."  Zimmerman, 255 F.3d at 738, citing Hudson, 468 U.S. at 534. In such circumstances, a plaintiff may allege a constitutional due process challenge "even though some post deprivation remedies [are] available under state law."  Id.  This does not apply here.

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

3    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

4    shall be collected and paid in accordance with this court's order to the Director of the California

5    Department of Corrections and Rehabilitation filed concurrently herewith.

6    3.  Plaintiff's complaint is dismissed for failure to state a claim.

7    4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

8    complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

9    Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

10   assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

11   two copies of the amended complaint; failure to file an amended complaint in accordance with

12   this order will result in a recommendation that this action be dismissed.

13   Dated:  September 25, 2015

14                                         _____
                                           CAROLYN K. DELANEY
15                                         UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20   2 / heil1585.14.new

21

22

23

24

25

26

27

28

6