UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HEILMAN, | No. 2:15-cv-1585 MCE CKD P |
| Plaintiff, | |
| v. | ORDER |
| A. WHITTEN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On September 25, 2015, the undersigned granted plaintiff's request to proceed in forma pauperis. (ECF No. 6.) On February 10, 2016, the undersigned ordered service of the First Amended Complaint on defendants Dooley, Mendosa, and Whitten. (ECF No. 15.) Plaintiff claims that defendants unlawfully retaliated against him by destroying his property when he was transferred to another prison in 2012. (ECF No. 11.)

Before the court is defendants' April 29, 2016 motion to revoke plaintiff's in forma pauperis status on the ground that plaintiff is a "Three Strikes" inmate under 28 U.S.C. § 1915(g). (ECF No. 22.) Plaintiff has not filed an opposition. For the reasons set forth below, the court will grant the motion.

////

1

I. <u>Motion to Revoke IFP Status</u>

28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In forma pauperis status may be acquired and lost during the course of litigation. <u>Stehouwer v. Hennessey</u>, 841 F. Supp. 316, 321 (N.D. Cal., 1994), <u>vacated on other grounds by</u> <u>Olivares v. Marshall</u>, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See <u>Rodriguez v. Cook</u>, 169 F.3d 1176, 1178 (9th Cir.1999). 28 U.S.C. §1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. <u>Andrews v. King</u>, 398 F.3d 1113, 1121 (9th Cir. 2005). Defendant has the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" <u>Id.</u>, at 1120, quoting § 1915(g). Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike. <u>Id.</u> If the plaintiff fails to meet that burden, plaintiff's IFP status should be revoked under § 1915(g). <u>Id.</u>

In <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1098-99 (9th Cir. 2011), the Ninth Circuit found that "a dismissal must be final before it counts as a 'strike' for § 1915(g) purposes." Thus, "a district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant

has exhausted or waived his opportunity to appeal.  This means a dismissal ripens into a 'strike' for § 1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not." Id. at 1100 (internal quotation omitted). "If a prisoner does not appeal a dismissal, the dismissal counts as a 'strike' from the date when his time to file a direct appeal expired." Id., n.6.

II. Discussion

Defendants submit court records indicating that plaintiff has been deemed a Three Strikes inmate under 28 U.S.C. § 1915(g).[1] Heilman v. Dillen, No. 2:14-cv-6298 (C.D. Cal. Nov. 2, 2015), Order dated Nov. 2, 2015.  (ECF No. 20, Ex. A; see also ECF No. 25.)  In Dillen, the court found that the following actions counted as strikes under § 1915(g) because they were dismissed as frivolous or failing to state a claim: (1) Heilman v. Fisher, No. 2:09-cv-0197 (E.D. Cal. 2009); Heilman v. Fry, No. 2:08-cv-2478 (E.D. Cal. 2008); (3) Heilman v. CDCR, No. 2:11-cv-3452 (E.D. Cal. 2011); and Heilman v. Paramo, No. 3:13-cv-01860 (S.D. Cal. 2013).[2]  Having reviewed the Fisher, Fry, CDCR, and Paramo cases, the court agrees that plaintiff has sustained three strikes under § 1915(g).  (See ECF No. 25.)  Moreover, plaintiff has not credibly alleged "imminent danger of serious physical injury" under § 1915(g).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to revoke plaintiff's IFP status (ECF No. 22) is granted;

2. Plaintiff shall pay the $400 filing fee.  It is noted that the Court is in receipt of this payment by Plaintiff; and

////

////

////

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] In Heilman v. Furster, No. 2:15-cv-6366 (C.D. Cal. Nov. 10, 2015), the court relied on the findings in Dillen to revoke plaintiff's IFP status.  (ECF No. 20, Ex. B.)

3

3. The Clerk shall serve a copy of this order on the Financial Department.

Dated: July 7, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / heil1585.threestrikes