\

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN, | No. 2:15-cv-1585 MCE CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| A. WHITTEN, et al., | |
| Defendants. | |

**I.     Background**

Plaintiff is a California state inmate proceeding pro se with this action pursuant to 42 U.S.C. § 1983 alleging a First Amendment retaliation claim against defendants for delaying, tampering with, and destroying his legal property during a prison transfer in the spring of 2012.

Currently pending before the court is defendants' motion to dismiss the complaint as frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  ECF No. 35.  Plaintiff has filed an opposition, ECF No. 38, and defendants' have filed a reply, ECF No. 39.  Although not authorized by Local Rule, plaintiff filed an additional response which the court has also considered in adjudicating the motion.  ECF No. 40.  For the reasons outlined below, the undersigned recommends granting defendants' motion to dismiss.

**II.     Discussion**

    **A. Factual and Procedural History**

In his First Amended Complaint (FAC), plaintiff alleges that defendants Whitten, Dooley, and Mendosa confiscated and destroyed his legal materials and personal property while transferring him from CMF-Vacaville to the R.J. Donovan Correctional Facility. ECF No. 11 at 11. The actions by these correctional officers at CMF-Vacaville were allegedly done in retaliation for plaintiff's pursuit of civil lawsuits and grievances against prison officials. Id. Plaintiff's property was not returned to him for approximately 85 days and when it was returned to him it was covered in dried coffee grounds. Id. at 12. Plaintiff seeks compensatory and punitive damages in the amount of $200,000.00. Id. at 36.

The allegations in the current complaint mirror those alleged in a state tort claim that the plaintiff filed in the Solano County Superior Court against Correctional Officers Whitten, Mendosa[1], and Hernandez. See ECF No. 35-2 at 5 (Complaint for Personal Injury, Property Damage, Wrongful Death). In his state court complaint, plaintiff alleged that "[p]rison officials deliberately, negligently and with malice, and as a retaliatory act seized, confiscated, stole and/or damaged… [his] personal property including all of… [his] legal documents and records…." Id. at 8. By way of relief, plaintiff requested compensatory and punitive damages in the amount of $452,400.00. Id. at 7.

The state court complaint was received by the Solano County Superior Court on January 8, 2013. ECF No. 35-2 at 105 (Solano County Superior Court docket sheet). The state court declared Heilman a vexatious litigant and ordered him to post security in order to proceed with the action because there was not a reasonable probability that plaintiff would prevail at trial against defendants Whitten and Mendosa. See ECF No. 35-2 at 80-83 (Order with respect to Defendant Whitten); 90-91 (Order with respect to Defendant Mendoza). After plaintiff failed to post the required security in the amount of $2,620.00, the Solano County Superior Court

---

[1] Although spelled as "Mendoza" in the state court orders, all indications are that this is the same defendant identified as Mendosa in both the state court complaint as well as the operative First Amended Complaint in the present case.

dismissed the action with prejudice on March 19, 2014. ECF No. 35-2 at 94-96 (order dismissing defendant Whitten); 100 (Judgment); 101-102 (order dismissing defendant Mendoza).

Plaintiff initiated the present civil rights action on July 23, 2015. ECF No. 1. This court declared him to be a Three Strikes litigant pursuant to 28 U.S.C. § 1915(g) on July 7, 2016, and revoked his in forma pauperis status. ECF No. 26. Thereafter, plaintiff paid the $400.00 filing fee in order for this action to continue.

### B. Defendants' Request for Judicial Notice

Pursuant to Rule 201(d) of the Federal Rules of Evidence, defendants request that the court take judicial notice of: 1) the pleadings, orders, and docket entries in Heilman v. Whitten, No. FCS041028 (Solano County Superior Court); and, 2) the vexatious litigant list maintained by the California Judicial Council. Plaintiff does not challenge the accuracy or content of any of these documents.

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The accuracy of these public records from the state court cannot reasonably be questioned and have a direct relationship to the matters at issue in the pending motion to dismiss. See United States v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992). For all these reasons, defendants' request for judicial notice will be granted.

### C. Motion to Dismiss

Defendants' motion requests dismissal of the present action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) contending that it is "frivolous or malicious." In his opposition, plaintiff contends that this court's screening order of January 25, 2016 demonstrates the merit of his retaliation claim and that, as a result, it is therefore not "frivolous."

The Prison Litigation Reform Act of 1995 (PLRA) requires courts to screen prisoner complaints in an effort to weed out those that are clearly frivolous. See 28 U.S.C. § 1915A. The court's duty to dismiss "frivolous or malicious" cases continues throughout the pendency of the entire case and even after the filing fee has been paid. See 28 U.S.C. § 1915(e)(2)(B)(i); see also

Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing earlier version of § 1915(e)). Since the statute does not define "frivolous or malicious," the federal courts have uniformly agreed that, at a minimum, a malicious lawsuit is one that is duplicative of another pending federal lawsuit involving the same plaintiff. See, e.g., McWilliams v. Colorado, 121 F.3d 573 (10th Cir. 1997) (affirming dismissal of § 1983 complaint as frivolous where it duplicated a prior federal lawsuit); Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993) (affirming dismissal of duplicative complaint under pre-PLRA version of 28 U.S.C. § 1915(e)); Murillo v. Taylor, 2015 WL4488060, at *15-16 (S.D. Cal. July 22, 2015); Meadows v. Woods, 156 F.R.D. 165, 166 (W.D. Tenn 1994) (dismissing complaint as frivolous under pre-PLRA version of 28 U.S.C. § 1915(e)).

Here the question is whether plaintiff's pending § 1983 action is duplicative of a previously dismissed state tort action involving two of the three defendants named in the instant federal case. In order to determine whether these cases are duplicative, the court examines "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams v. California, 487 F.3d 684, 689 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

In determining whether the causes of action involved are the same, the court examines:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Costantini v. Trans World Airlines, 681 F.2d 1199, 1201–02 (9th Cir.1982). The last criterion is the most important factor in determining whether two lawsuits are duplicative. Id. at 1202.

Here, plaintiff presents substantially the same exhibits that he relied upon in state court as evidence including his inmate property inventory logs, his administrative grievances and the resulting decisions, and judicial orders from Heilman v. Lyons, No. 2:09-cv-2721 (E.D. Cal.), requiring prison officials to locate his property. Compare ECF No. 11 at 39-69 (First Amended

4

Complaint), with ECF No. 35-2 at 16-78. Additionally, and most importantly, the two suits arise out of the same nucleus of facts. Both actions concern the loss, damage and destruction of plaintiff's legal property which he alleges was done in retaliation for his lawsuits and grievances against prison officials. Plaintiff also alleged in both complaints that he was unable to pursue such lawsuits and grievances as a result. While the causes of action in the state court complaint did not involve infringement of plaintiff's federal constitutional rights, plaintiff still included the allegations that defendants' actions were retaliatory. And, moreover, plaintiff requested the same relief in both lawsuits. He requested that a permanent record of the grievance be placed in defendants' personnel records and that they be ordered to pay both compensatory and punitive damages. See ECF No. 11 at 36-37; ECF No. 35-2 at 11. Thus, after weighing the Costantini factors, the undersigned concludes that the two suits involve the same cause of action.

In order to be duplicative, the two actions also must involve the same parties or privies. A defendant who is not a party in one action may still be in privity with the named parties so as to render the two actions duplicative where all the parties share the same interests and there is adequate representation by the named party. See Irwin v. Mascott, 370 F.3d 924, 929-930 (9th Cir. 2004). Additional factors include whether all the parties share a close relationship and whether there is substantial participation or tactical maneuvering by the non-party. Id.

Defendants Whitten and Mendosa, correctional officers at CMF-Vacaville, were named in both lawsuits. The only defendant new to the federal lawsuit is defendant Dooley who is identified as a correctional sergeant at CMF-Vacaville. ECF No. 11 at 14-15. All of these defendants are officials at the same prison and are all represented by the Attorney General's Office. These defendants share a close relationship by virtue of their employment as correctional officers at the same prison. Moreover, defendant Dooley's interests were adequately represented in the state court action by the Attorney General's Office. For all these reasons, the undersigned finds that the two actions involve the same parties or privies.

In light of the finding that the two lawsuits share the same cause of action and parties or privies, plaintiff's current federal lawsuit is therefore duplicative of his prior state court action. In Adams, 487 F.3d at 688, the plaintiff filed a duplicative action "to avoid the consequences of her

own delay and to circumvent the district court's denial of her untimely motion for leave to amend her first complaint." Here, it appears plaintiff initiated the instant federal action in order to circumvent the state court's vexatious litigant order which required payment of $2,620.00 in security in order to proceed with the lawsuit. For the same reasons that the Ninth Circuit found dismissal appropriate in <u>Adams</u>, the undersigned recommends dismissing plaintiff's civil rights action with prejudice. <u>Adams</u>, 487 F.3d at 692 (finding no abuse of discretion for dismissing the later-filed complaint with prejudice).

**Conclusion**

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 35) be granted; and,

2. This action be dismissed with prejudice pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 19, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/heil1585.mtdcjra.docx